# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

Nº 16-CV-3675 (JFB)

---

## Damon C. Banner,

Petitioner,

VERSUS

## Thomas Griffin,

Respondent.

---

**MEMORANDUM AND ORDER**
January 31, 2017

---

Joseph F. Bianco, District Judge:

On June 24, 2016, Damon Banner ("petitioner" or "Banner") petitioned this Court for a writ of habeas corpus, pursuant to 28 U.S.C. §§ 2241 and 2254, challenging his convictions pursuant to his guilty plea in New York State Court for attempted second-degree murder and third-degree arson. (Pet. for Habeas Corpus ("Pet."), ECF No. 1.) The court initially sentenced him to a determinate term of sixteen years' imprisonment on the attempted murder conviction and a determinate term of three-and-a-half years' imprisonment on the arson conviction, to be served concurrently. On realizing that New York law does not authorize determinate terms on third-degree arson convictions, the court resentenced petitioner to an indeterminate term of one to three years on that conviction, still to be served concurrently with his sentence for second-degree attempted murder.

In this habeas petition, Banner challenges his conviction on the following grounds: (1) the police violated his Fourth Amendment right to be free from unreasonable searches and seizures; (2) he was denied a fair suppression hearing because his counsel was ineffective; (3) the trial court lacked jurisdiction to accept a plea on an offense that was not charged in the indictment; and (4) he was improperly resentenced *in abstentia*. He also incorporates by reference claims he raised in his application for a writ of error *coram nobis* with the New York Supreme Court, Appellate Division. Respondent Thomas Griffin, Superintendent of the Green Haven Correctional Facility, has moved to dismiss the petition, arguing that it is untimely. For the reasons that follow, this Court grants respondent's motion to dismiss.

## I. Background

The Court has adduced the following facts from the petition and the Affidavit in Support of Respondent's Motion to Dismiss the Petition for a Writ of Habeas Corpus. (ECF No. 5 at i–x ("Resp.'s Aff.").)

## A. Facts

On December 5, 2011, a Nassau County grand jury indicted petitioner on one count of attempted murder in the first degree, one count of criminal use of a firearm in the second degree, one count of menacing a police officer, one count of conspiracy in the fourth degree, two counts of criminal possession of a weapon in the second degree, one count of criminal possession of a weapon in the fourth degree, three counts of criminal possession of stolen property in the fifth degree, and thirteen counts of criminal possession of stolen property in the fifth degree, all in connection with a shooting and police chase that occurred on November 7, 2011. (Resp.'s Aff. ¶ 8.) Later, on February 15, 2012, the grand jury indicted him on one count of third-degree arson in connection with the burning of a rented vehicle on October 26, 2011. (*Id.*)

The case went to trial, but, during a recess, petitioner accepted a plea offer, pleading guilty to one count of attempted second-degree murder and one count of third-degree arson. (*Id.* ¶¶ 9–10; Pet. at 1.) When he pleaded guilty, petitioner acknowledged that he committed the charged offenses (Resp.'s Aff. ¶ 10; State Court Record, Plea Minutes, ECF No. 6-29 ("Plea Minutes"), at 6–7), and, at his sentencing hearing on August 8, 2012, the court sentenced him to a determinate term of sixteen years' imprisonment on the attempted murder conviction and a determinate term of three-and-a-half years' imprisonment on the arson conviction, to be served concurrently. (Resp.'s Aff. ¶ 11.) The court later realized that determinate terms are not authorized under New York law for arson convictions and, therefore, on September 28, 2012, resentenced petitioner on that conviction to an indeterminate term of one to three years' imprisonment, to be served concurrently with his second-degree murder sentence. (*Id.* ¶ 12.) Petitioner was not present at the September 28 hearing. (*See* Pet. at 5.)

On November 11, 2013, petitioner collaterally attacked his conviction by filing a New York Criminal Procedure Law ("C.P.L.") § 440.10 motion to vacate the judgment of conviction on the grounds that his guilty plea was involuntary and his allocution insufficient. (Pet. at 3; Resp.'s Aff. ¶ 13.) The New York Supreme Court denied the motion on January 30, 2014. (Resp.'s Aff. ¶ 13.) Petitioner sought leave to appeal this decision, but the Second Department denied him leave to appeal on July 3, 2014. (*Id.*) It also denied his subsequent motion for reargument on December 11, 2014. (*Id.*) He did not seek leave to appeal the decision on his reargument motion to the New York Court of Appeals. (*See id.*)

Petitioner also filed a direct appeal of his conviction with the Second Department,[1] arguing that the guilty plea was defective because he did not admit to the essential element of intent to kill and the court did not question him about his mental health. (Pet. at 2; Resp.'s Aff. ¶ 14.) Petitioner also filed two supplemental briefs—once through counsel and once *pro se*—arguing that the resentencing was defective because only counsel was present. (Resp.'s Aff. ¶ 14.) The Second Department rejected the supplemental briefs and subsequently affirmed his convictions on November 5, 2014. *See People v. Banner*, 122 A.D.3d 641 (2d Dept. 2014). Petitioner did not seek leave to appeal this decision to the New York Court of Appeals. (*See* Pet. at 2; Resp.'s Aff. ¶ 15.)

---

[1] Although unclear from the parties' moving papers, the timing of this filing is immaterial to this Court's decision on respondent's motion to dismiss.

On January 4, 2016, petitioner filed two collateral attacks on his convictions in the New York Supreme Court. (*Id.* ¶ 16; Pet. at 3.) In the first, filed as a motion to vacate the judgment under C.P.L. § 440.10, petitioner asserted that the indictment and guilty plea were defective, he received ineffective assistance of counsel, and the court erred at his sentencing and resentencing. (Resp.'s Aff. ¶ 17.) The court denied this motion on March 17, 2016, and the Second Department denied him leave to appeal on July 22, 2016. (*Id.*) In the second challenge, filed as a *coram nobis* application under C.P.L. § 440.30 before the Second Department, petitioner claimed he received ineffective assistance of appellate counsel on direct appeal, arguing that counsel failed to argue that (1) the plea was defective because murder in the second degree is not a lesser included offense of murder in the first degree; (2) the resentencing was defective because petitioner was absent; (3) petitioner did not receive a meaningful opportunity to be heard at his first sentencing; and (4) the police violated petitioner's Fourth Amendment rights during their investigation. (*Id.* ¶ 18; Pet. at 3.) Petitioner further contends that appellate counsel was ineffective for failing to seek leave to appeal to the Court of Appeals. (Pet. at 4; Resp.'s Aff. ¶ 18.) The Second department denied petitioner's *coram nobis* application on May 11, 2016. *See People v. Banner,* 139 AD.3d 869 (2d Dept. 2016). Leave to appeal this denial to the Court of Appeals was denied on August 5, 2016. *See People v. Banner*, 28 N.Y.3d 926 (2016).

## B. Procedural History

Petitioner filed his petition for a writ of habeas corpus on June 24, 2016. (ECF No. 1.) Respondent filed his motion to dismiss on August 2, 2016, arguing that the petition is untimely. (ECF No. 5.) Petitioner filed a reply in opposition to the motion on August 22, 2016. (ECF No. 7.) The Court has fully considered the parties' submissions.

## II. DISCUSSION

### 1. Timeliness of the Petition

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No 104-132, 110 Stat. 1214, which, among other things, amended 28 U.S.C. § 2244(d)(1) to provide a one-year limitations period for filing a petition for a writ of habeas corpus by a person in state custody pursuant to a state court judgment. The general rule is that the limitations period will begin to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute also provides three exceptions under which the one-year limitations period will commence on a later date, specifically:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or

claims could have been discovered through the exercise of due diligence.

§§ 2244(d)(1)(B)–(D). With respect to the final exception, the "burden of demonstrating due diligence rests with petitioner." *Shabazz v. Filion*, 402 F. App'x 629, 630 (2d Cir. 2010). Additionally, evidence is not newly discovered simply because petitioner did not possess it until recently. Rather, if the evidence could have been obtained earlier, "the date when the evidence was actually obtained has no effect on the AEDPA limitations period." *Duamutef v. Mazzuca*, No. 01CIV2553WHPGWG, 2002 WL 413812, at *9 (S.D.N.Y. Mar. 15, 2002).

Here, the Appellate Division affirmed petitioner's conviction on November 5, 2014. At that point, he had thirty days to seek leave to appeal from the New York Court of Appeals. *See* C.P.L. § 460.10(1)(a). That period expired on December 10, 2014, at which point his convictions became final. *See* 28 U.S.C. § 2244(d)(1)(A); *see, e.g., Davis v. Racette*, 99 F. Supp. 3d 379, 385 (E.D.N.Y. 2015). Accordingly, under § 2244(d)(1)(A) of the AEDPA, petitioner had one year to file

his habeas petition beginning December 10, 2014.

The AEDPA, however, also provides for tolling of the limitations period when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, the trial court had denied petitioner's collateral challenge to his conviction under C.P.L. § 440.10, and the Second Department had denied him leave to appeal that decision. On December 10, 2014, when petitioner's time to seek leave to appeal his conviction directly to the Court of Appeals expired, his motion for reargument before the Second Department on his collateral challenge was still pending. Therefore, the limitations period was tolled until the Second Department ruled on his that motion on December 11, 2014. As such, petitioner had until December 11, 2015—one year from the date the tolling period ended—to file his habeas petition.

His petition, filed over six months after the deadline, is plainly untimely unless one of the exceptions enumerated in §§ 2244(d)(1) applies.[2] An examination of petitioner's

---

[2] Petitioner did not file his other collateral challenges until January 4, 2016, well after the limitations period expired, and so those challenges do not provide statutory tolling under 28 U.S.C. § 2244(d)(2). Furthermore, petitioner's argument that he had "one year and ninety days to pursue any type of collateral attack" misunderstands the law. Where courts have indicated that a petitioner had "one year and ninety days" to file a habeas petition, they have calculated that number "from the date of denial of [the petitioner's] appeal to the New York State Court of Appeals." *Delatorres v. Lempke*, No. 08-CV-0183, 2011 WL 1198565, at *2 (W.D.N.Y. Mar. 29, 2011); *see also, e.g., Alke v. Artus*, No. 12-CV-5977 RRM, 2013 WL 4700828, at *2 n.3 (E.D.N.Y. Sept. 1, 2013); *Romero v. Napoli*, No. 08 CIV. 8380(CM)(HBP), 2009 WL 413134, at *1 (S.D.N.Y. Feb. 18, 2009). Thus, this number reflects both the AEDPA's one-year limitations period *and* the ninety-day period that petitioners have to file a petition for a writ of certiorari before the U.S. Supreme Court.

*See Smith v. Lord*, 230 F. Supp. 2d 288, 291 (E.D.N.Y. 2002) ("A prisoner's judgment of conviction becomes final under Section 2254 of the AEDPA when the United States Supreme Court denies the prisoner's petition for a writ of certiorari or the time for seeking such a writ has expired, which is 90 days."). By contrast, where, as here, a petitioner does not seek relief from the state's highest court, the limitations period begins to run when the time to seek such state relief expires. *See* 28 U.S.C. § 2244(d)(1)(A); *see, e.g., Davis*, 99 F. Supp. 3d at 385 ("As a result of Petitioner's failure to timely file a notice of appeal within thirty days as required by section 460.10 of the New York CPL, his judgment of conviction became final on March 28, 1996, when the thirty day period for seeking review expired.").

claims, however, reveals that no such exceptions apply. Petitioner does not argue (nor is there any basis in the record to support an argument) that there was any legal impediment barring him from filing his petition, that there has been any intervening and applicable establishment of a constitutional right to which he would be retroactively entitled, or that the factual predicate for his claims was not discoverable through the exercise of due diligence in the year prior to the filing of his habeas claim.

Petitioner raises the following claims: (1) the police lacked probable cause or reasonable suspicion to believe he committed the offenses for which he was arrested; (2) his counsel was ineffective at the suppression hearing; (3) the trial court lacked jurisdiction to accept the plea on a crime not charged in the indictment and not constituting a lesser included offense; (4) his resentencing was improper because he was absent; and (5) appellate counsel was ineffective because he failed to raise these arguments and failed to seek leave to appeal to the Court of Appeals. (*See* Pet. at 3–5.) None of these arguments, however, implicates any of the exceptions to the general rule that the one-year limitations period runs from the date the judgment becomes final.

First, petitioner does not identify any legal bar that prevented him from seeking habeas relief, and, thus, Section 2241(d)(1)(B) plainly does not apply. Second, petitioner does not identify a new constitutional right that would operate retroactively to provide him relief. On the contrary, the rights he claims were violated were established well before his direct appeal of his conviction to the Second Department. *See United States v. Fisher*, 702 F.2d 372, 375 (2d Cir. 1983) (probable cause required to justify arrest); *Strickland v. Washington*, 466 U.S. 668, 686 (1984) ("[T]he right to counsel is the right to the effective assistance of counsel."); *People*

*v. Castillo*, 8 N.Y.3d 959, 961 (2007) (holding that a guilty plea to a charge not included in the indictment and not constituting a lesser included offense of any count in the indictment is jurisdictionally defective); *United States v. Agard*, 77 F.3d 22, 24 (2d Cir. 1996) (discussing right to be present at sentencing); *Claudio v. Scully*, 982 F.2d 798, 803 (2d Cir. 1992) (holding that a petitioner was denied effective assistance of appellate counsel).

The third and final possible justification for the belated filing of his petition is that the factual predicates for his claims were not discoverable with an exercise of reasonable diligence until the year prior to the filing of the habeas petition. Petitioner does not attempt to make this argument, and failing to assert the claim can alone be grounds to find the exception inapplicable. *See, e.g.*, *Goodwin v. Pallito*, No. 2:14 CV 110 (WKS), 2015 WL 778613, at *4 (D. Vt. Feb. 24, 2015) (concluding that § 2244(d)(1)(D) would not apply where petitioner "d[id] not assert that he observed the alleged ineffective conduct only recently"). In any event, the factual predicate for all of petitioner's claims were discoverable before the statute of limitations began to run on December 14, 2014. Specifically, he knew of the facts constituting the bases (1) for his Fourth Amendment claim the day he was arrested, (2) for his ineffective assistance of trial counsel claim at the time of the suppression hearing, (3) for his jurisdictional claims on the day he pleaded guilty, (4) for his resentencing claims when he was resentenced, and (5) for his ineffective assistance of appellate counsel claims when counsel filed his direct appeal and failed to seek leave to appeal the Second Department's decision on direct appeal. All of these instances occurred *before* December 11, 2014.

Accordingly, because petitioner's claims were not filed within a year after his judgment of conviction became final and none of the grounds that could trigger the running of

the limitations period at a later date apply, petitioner's claim is untimely.

## 2. Equitable Tolling

Although the instant petition is untimely, in "rare and exceptional" circumstances, the one-year statute of limitations is subject to equitable tolling. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *see also Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). In order to obtain the benefit of equitable tolling, a petitioner must make two showings: (1) he must demonstrate that "extraordinary circumstances prevented him from filing his petition on time;" and (2) he must have "acted with reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17 (citation omitted). The petitioner bears the burden to affirmatively show that he is entitled to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Muller v. Greiner*, 139 F. App'x 344, 345 (2d Cir. 2005).

Petitioner seeks equitable tolling on the ground that he has diligently been pursuing his state court remedies by filing his petition for a writ of error *coram nobis* under C.P.L. 440.30 and his C.P.L. 440.10 motion to vacate, both filed on January 4, 2016. (Pet. at 5.) He also claims actual innocence of the charges to which he pled guilty. (*Id.*)

Petitioner has not satisfied either prong of the test for equitable tolling. First, he has not explicitly identified what caused him to delay filing his habeas petition until after the expiration of the limitations period on December 11, 2015. Thus, this court is incapable of determining whether "extraordinary circumstances" excused this late filing. Furthermore, to the extent he seeks to equitably toll the limitations period on the basis of ineffective assistance of appellate counsel, he has not established that the assistance was so egregious as to qualify as an "exceptional circumstance" warranting relief. The Second Circuit has indicated that "a garden variety claim of excusable neglect . . . does not warrant equitable tolling." *Rivas v. Fischer*, 687 F.3d 514, 538 (2d Cir. 2012) (holding that petitioner did not state an "exceptional circumstance" warranting equitable tolling where he claimed ineffective assistance of counsel as the reason for the delay); *see also Davis v. Bradt*, No. 10-CV-3587, 2010 WL 3943450, at *2 (E.D.N.Y. Oct. 6, 2010); *Thomas v. Donnelly*, No. 10 CIV. 3922 LTS AJP, 2010 WL 4628009, at *4 (S.D.N.Y. Nov. 16, 2010), *report and recommendation adopted as modified,* No. 10 CIV. 3922 LTS AJP, 2011 WL 4448948 (S.D.N.Y. Sept. 26, 2011). Petitioner has not met his burden in showing that his appellate attorney's actions rise above the level of "excusable neglect." *Rivas*, 687 F.3d at 538. For instance, he has not alleged that his attorney "never spoke to or met [him] . . . made no effort to locate [petitioner] . . . failed to keep [petitioner] reasonably informed about the status of the case [or] failed to explain the matter to the extent reasonably necessary to permit [petitioner] to make informed decisions regarding the representation." *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003) (holding that petitioner adequately stated attorney incompetence as a ground for equitable tolling) (some brackets omitted). Instead, he has merely asserted that his attorney was incompetent because he failed to seek leave to appeal the Second Department's decision affirming his conviction on direct appeal to the New York Court of Appeals. With no additional information, this court cannot conclude from this simple assertion that an "extraordinary circumstance" exists warranting equitable tolling.

In any event, petitioner has not shown that he acted "with reasonable diligence" during the limitations period. *Smith*, 208 F.3d at 17. Specifically, petitioner does not explain

why he took no action to pursue state remedies from the time his motion for reargument was denied on December 11, 2014 until the time he filed his two collateral challenges in state court on January 4, 2016. Nor does he explain why he did not file a habeas petition during this time. Thus, he has failed to prove that he "acted with reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17; *see also Pace*, 544 U.S. at 418 (burden on petitioner to show entitlement to equitable tolling).

Consequently, the Court concludes that petitioner is not entitled to equitable tolling.

### 3. Actual Innocence

Finally, petitioner asserts he is entitled to an exception to the one-year statute of limitations because he is actually innocent of the offenses to which he pleaded guilty. It is true that "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). To be entitled to relief on the grounds of actual innocence, however, a petitioner's claim "must be supported by new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Rivas*, 687 F.3d at 541. Petitioner's bald, unsupported assertion of innocence plainly does not qualify, *see, e.g.*, *Gibson v. State of N.Y.*, No. 15-CV-6335 (KAM), 2016 WL 614673, at *3 (E.D.N.Y. Feb. 16, 2016); *Smalls v. Lee*, No. 12CV2083KMKLMS, 2016 WL 5334986, at *14 (S.D.N.Y. Sept. 22, 2016), especially given his admission to the charged crimes at his sentencing hearing (Resp.'s Aff. ¶ 10; Plea Minutes at 6–7), *see Bower v. Walsh*, 703 F. Supp. 2d 204, 228 (E.D.N.Y. 2010) ("[T]he fact that [a habeas petitioner] admitted perpetrating the crime under oath can be considered in connection with his present claim that he is actually innocent."). Thus, petitioner has not shown that his failure to comply with the one-year statute of limitations should be excused on the grounds of actual innocence.

### III. Conclusion

For the reasons stated above, respondents' motion to dismiss is granted in its entirety.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:    January 31, 2017
            Central Islip, NY

* * *

Petitioner is proceeding *pro se*. Respondent is represented by Cristin Connell and Monica Leiter, Assistant District Attorneys, on behalf of Madeline Singas, District Attorney, Nassau County District Attorney's Office, 262 Old Country Road, Mineola, NY 11501.